NO. 07-08-0356-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 25, 2009

_____

JOHNNY SANCHEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 07-03-6387; HONORABLE PAT PHELAN, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Johnny Sanchez, was convicted by a jury of possession of a controlled substance. On August 20, 2008, he was sentenced by the trial court to seven years confinement and a fine of $10,000. On September 5, 2008, Appellant's retained trial counsel, Anna J. Ricker, filed a motion for new trial. On September 8, 2008, Ms. Ricker filed a notice of appeal with the Hockley County District

Clerk.[1]  Because a motion for new trial was filed, the appellate record was originally due on **December 18, 2008**.

In November 2008, the Official Court Reporter requested an extension of time in which to prepare and file the reporter's record.  The court reporter indicated that Appellant had not submitted a written designation nor made arrangements to pay for the record.  In response to the aforementioned request for extension of time, by letter dated November 25, 2008, this Court directed Ms. Ricker, as attorney of record for Appellant on appeal, to certify in writing whether she had complied with the Texas Rules of Appellate Procedure regarding requesting and paying for the appellate record.  A deadline of December 15, 2008, was set for her response.  Because the reporter's record was not past due, no formal action was taken on the reporter's request for an extension.  On January 8, 2009, Ms. Ricker responded by letter to the Clerk of this Court as follows:

> [t]his letter is to inform you that we do not represent Mr. Johnny Sanchez on his appeal.  He is represented by Mr. Dan Hurley.  Please forward any other correspondence to him.  Let me know if you require anything further from me.

In the meantime, in December 2008, the Hockley County District Clerk also requested an extension of time in which to prepare and file the clerk's record.  The district clerk noted that a written designation had not been filed and that, although an affidavit of

---

[1]Both the *Motion for New Trial* and the *Notice of Appeal* were signed by Anna T. McSpadden (a licensed attorney) over a signature line for the Ricker Law Firm, Anna J. Ricker and Anna T. McSpadden. Because Ms. Ricker was Appellant's trial counsel, and because Ms. Ricker's name appeared first on the Notice of Appeal, this Court considered her to be lead counsel.

indigency had been filed, no order allowing Appellant to proceed without payment of costs had been entered. The Clerk of this Court was notified that a hearing on affidavit of indigency was scheduled for December 22, 2008. The clerk's request for an extension was granted and the deadline for filing the appellate record was extended to **January 19, 2009.**

By letter of January 23, 2009, this Court notified Ms. Ricker that pursuant to Rule 6.1(a) of the Texas Rules of Appellate Procedure, she remained Appellant's lead counsel and, pending her withdrawal pursuant to Rule 6.5, she bore the responsibility for requesting preparation and payment of the appellate record. Ms. Ricker was directed to certify, in writing, compliance with the Texas Rules of Appellate Procedure on or before February 6, 2009, noting that failure to do so might result in the appeal being abated and the cause remanded for further proceedings. The February 6th deadline lapsed without a response, and on February 10, 2009, the Clerk of this Court made inquiry with the Hockley County District Clerk regarding Appellant's representation. The Clerk of this Court was notified that no order appointing counsel to represent Appellant on appeal had been entered and that Ms. Ricker remained the attorney of record. To protect Appellant's rights and determine his representation, the appeal was abated and the cause was remanded to the trial court on February 11, 2009. Per this Court's order, the trial court conducted a hearing and entered Findings of Fact and Conclusions of Law. On February 23, 2009, the trial court granted Daniel Hurley's Motion to Substitute Counsel.

Upon reinstatement after abatement, on March 17, 2009, this Court notified all parties that the appellate record would be due on **April 16, 2009**. On April 17, 2009, the Hockley County District Clerk filed a second request for an extension of time in which to prepare and file the clerk's record. Again the clerk noted that Appellant had not filed a written designation, nor paid or made arrangements for the payment of the clerk's fee for preparation of the clerk's record. The request for extension was granted and the deadline for filing the record was extended to **June 4, 2009**. The reporter's record was filed April 21, 2009, and the clerk's record was filed May 19, 2009.

Appellant's brief was originally due on **June 18, 2009**, but was not filed. On June 29, 2009, Appellant was notified by letter of the deficiency and also admonished that failure to file the brief on or before **July 9, 2009**, would result in abatement of the appeal and a remand to the trial court for further proceedings. On July 9, 2009, Mr. Hurley filed a motion for extension of time in which to file Appellant's brief citing as his reason that despite "diligent efforts to obtain the record . . . the trial court clerk has repeatedly declined to make a copy of the record available . . . ." Counsel suggested that assistance from this Court might be necessary. That motion was granted and the deadline to file Appellant's brief was extended to **August 10, 2009**.

As Rule 35.3(c) of the Texas Rules of Appellate Procedure imposes a responsibility on this Court to ensure the timely filing of the appellate record, the Clerk of this Court made an inquiry with the Hockley County District Clerk regarding Mr. Hurley's assertion that the

clerk's record was not being provided to him in order to prepare Appellant's brief. By letter dated July 10, 2009, to Mr. Hurley and copied to this Court, the Hockley County District Clerk informed Mr. Hurley that no request for the clerk's record had been received from his office. The letter continued that the trial court was informed of the contents of Mr. Hurley's motion for extension of time and concluded, "if you need a reason to ask for an extension of time [do] not use this office, unless it is actually warranted."

The August 10 deadline lapsed without Appellant's brief being filed. On August 14, 2009, this Court received Appellant's second motion for extension of time to file Appellant's brief. The motion was signed by Aaron R. Clements, who recited that he had been assigned responsibility for preparation of the brief and explained he had undergone medical treatment due to a vehicular collision in May 2009 and medical procedures related to LASIK surgery in July 2009. Mr. Clements requested an extension to August 20, 2009. The motion was granted and the deadline to file Appellant's brief was extended to **August 20, 2009**.

The August 20 deadline also lapsed without Appellant's brief being filed. On September 8, 2009, Mr. Clements filed yet another motion for extension of time explaining he had undergone medical treatment for severe back problems, but indicating he would be "capable of completing the brief" in the next two weeks. The motion was granted and the deadline to file Appellant's brief was extended to **September 14, 2009**.

5

Now the September 14 deadline (the fifth deadline for filing Appellant's brief) has come and gone and still no brief has been filed. **Our patience is exhausted.** This case has been on appeal for over a year, and the Court has generously granted numerous extensions in which to file both the appellate record and Appellant's brief. Although Mr. Clements may have been "assigned" the responsibility for filing the brief, Mr. Hurley continues to be the attorney of record on appeal. We find that counsel has been dilatory in fulfilling his responsibility to timely file the brief. Consequently, we again abate the appeal and remand the cause to the trial court for further proceedings.

Upon remand, the trial court shall use whatever means necessary to determine why Mr. Hurley has failed to timely file Appellant's brief and take such action as is necessary to ensure that the brief is filed with the Clerk of this Court on or before **October 9, 2009**.

If counsel does not file Appellant's brief on or before October 9, 2009, (i.e., even if a brief is filed after that date), pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure, the trial court is directed to immediately conduct a hearing to determine the following:

1. whether Appellant still desires to prosecute this appeal;
2. whether Appellant is indigent,
3. why Appellant's counsel has failed to file a brief and whether counsel has effectively abandoned this appeal given his failure to timely file Appellant's brief; and
4. whether Appellant has been denied effective assistance of counsel.

On or before October 30, 2009, the trial court shall enter an order containing findings of fact and conclusions of law addressing each of these issues. In addition to filing that order, a copy of the same shall be forthwith delivered to the Clerk of this Court. Finally, the trial court shall cause a supplemental clerk's record containing that order to be filed with the Clerk of this Court as soon as practicable.

It is so ordered.

Per Curiam

Do not publish.